IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TREMICA L. KING,

      Plaintiff,

      v.                               Case No.  04-2192-JWL

METCALF 56 HOMES
ASSOCIATION, INC., et al.,

      Defendants.

_____

MEMORANDUM AND ORDER

Plaintiff Tremica L. King filed this lawsuit against defendants Metcalf 56 Homeowners Association, Inc. (Metcalf 56), Linda Baker, and Richard Kinney based on allegations that they intimidated and harassed plaintiff and invaded her privacy during the time period when she was a tenant at a particular residence.  The matter is presently before the court on the motion of defendants Metcalf 56 and Baker to dismiss Count II of plaintiff's amended complaint (doc. 33), which is a common law invasion of privacy claim.  For the following reasons, this motion is denied.

On November 8, 2004, the court issued a memorandum and order in which, among other things, the court denied defendants' prior motion to dismiss plaintiff's invasion of privacy claim. At that time, the court explained that plaintiff

> alleges that defendants took photographs of plaintiff and other people who
> visited or worked for her and listened to her telephone conversations when she
> was sitting on the porch of her residence.  Taking all reasonable inferences from
> these allegations in plaintiff's favor, as the court must at this procedural

juncture, the court cannot say that it appears beyond a doubt that plaintiff cannot prove any set of facts which would entitle her to relief. The court can envision circumstances under which taking such photographs and/or eavesdropping on telephone conversations may be viewed as an unreasonable invasion of defendants' senses into plaintiff's solitude. Accordingly, defendants' motion to dismiss plaintiff's invasion of privacy claim is denied.

Mem. & Order (doc. 21), at 10-11. Defendants now once again argue that plaintiff's complaint fails to state a claim upon which relief can be granted. This time, they argue that "the alleged telephone conversation took place in the plaintiff's patio, located approximately 5 feet from the defendant's common patio," and therefore defendants did not intrude into plaintiff's zone of privacy, plaintiff voluntarily conducted private affairs in a public setting, and plaintiff failed to plead factual circumstances that would constitute a highly offensive act. Defendants also argue that plaintiff reasonably should have expected that they would take reasonable measures to enforce Metcalf 56's community bylaws, but defendants do not explain the nature of those bylaws or how plaintiff was allegedly violating them.

Defendants' arguments are without merit for the simple reason that they are based on facts other than those alleged in plaintiff's complaint, and therefore they are misplaced in the context of a Rule 12(b)(6) motion to dismiss. It is well established that "[w]hen ruling on a Rule 12(b)(6) motion, the district court must examine only the plaintiff's complaint" and "cannot review matters outside of the complaint." *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). Plaintiff's amended complaint does not allege that her porch was located approximately five feet away from Ms. Baker's common patio; that is an extrinsic factual allegation made by defendants. Plaintiff's amended complaint simply alleges that Ms.

Baker "would listen to plaintiff's telephone conversations when she would sit on the porch of the property."   The court must view all reasonable inferences from those allegations in plaintiff's favor.   As the court previously stated, it can envision circumstances under which Ms. Baker's alleged eavesdropping could constitute an invasion of privacy.   The inquiry would depend upon the facts surrounding the incident(s), but might depend on considerations such as the degree to which plaintiff's porch was secluded and/or enclosed, the terrain around plaintiff's porch, the distance from her porch to where Ms. Baker was located when Ms. Baker was allegedly listening, how loudly plaintiff was speaking, and the efforts that Ms. Baker undertook in order to hear plaintiff's telephone conversations.[1]

In sum, the arguments that defendants assert in their motion to dismiss may (or may not) ultimately prove meritorious.   Those arguments, however, are simply misplaced in a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.   These arguments would be more appropriately asserted by way of a different procedural mechanism that would permit the court to evaluate facts other than the allegations stated in plaintiff's complaint.

---

[1] The court previously denied defendants' motion to dismiss this invasion of privacy claim on the grounds that plaintiff's complaint also alleges that Ms. Baker "took photographs of plaintiff and other people who would visit her or worked for her."   Defendants' motion does not ask the court to dismiss this aspect of plaintiff's invasion of privacy claim.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants Metcalf 56 and

Baker's motion to dismiss Count II of plaintiff's amended complaint (doc. 33) is denied.


**IT IS SO ORDERED** this 8th  day of March, 2005.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge