**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

TREMICA L. KING,

    Plaintiff,

    v.                                             Case No.  04-2192-JWL

METCALF 56 HOMES
ASSOCIATION, INC., et al.,

    Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Tremica L. King filed this lawsuit against defendants Metcalf 56 Homeowners Association, Inc. (Metcalf 56), Linda Baker, and Richard Kinney[1] based on allegations that they intimidated and harassed plaintiff during the time period when she was a tenant at a particular residence.  Plaintiff's amended complaint asserts claims under the Fair Housing Act of 1968 (FHA) and a common law claim for invasion of privacy.  The matter is presently before the court on defendants Metcalf 56 and Ms. Baker's motion to dismiss (doc. 30).  By way of this motion, defendants ask the court to dismiss Count I of plaintiff's complaint, which is her claim under the FHA.  For the reasons explained below, this motion is denied.

**FACTS**

The following facts are taken from the allegations in plaintiff's amended complaint and, consistent with the well-established standards for evaluating motions to dismiss, the court

---

[1] Default judgment has been entered against Mr. Kinney.

assumes the truth of these facts for purposes of analyzing the motion to dismiss. Plaintiff is an African American. She signed a one-year lease for a residence located at 5664 Riley, Mission, Kansas, and she became a tenant there on August 12, 2003. Defendants Baker and Kinney owned the properties on either side of her residence. Defendant Kinney was also the president of the homeowners' association, Metcalf 56, and defendant Baker was a member of Metcalf 56. At all times, they were acting on behalf of Metcalf 56 and/or their actions were ratified by Metcalf 56.

Immediately after plaintiff moved into the residence, defendants Baker and Kinney began to intimidate and harass her. They wrote down license tag numbers of cars and reported them to the property owner and the Johnson County Housing Authority. They kept records of when plaintiff left the property and when she returned to the property, and they also reported this to the Johnson County Housing Authority. They took photographs of other people who visited her or worked for her. They would listen to her telephone conversations when she would sit on the porch of her residence. Defendant Kinney called the property owner and complained that plaintiff's vehicle had expired license tags and stated that the homeowner's association would tow her vehicle. Plaintiff moved from the property at 5664 Riley on March 15, 2004. She alleges that the sole reason she moved was defendants' intimidation and harassment.

Based on these allegations, plaintiff asserts two claims against defendants: one for a violation of the FHA, specifically 42 U.S.C. § 3617, and, second, a common law invasion of privacy claim based on the defendants' alleged unreasonable intrusion upon her seclusion.

Defendants Metcalf 56 and Ms. Baker now ask the court to dismiss plaintiff's FHA claim on the grounds that this count of plaintiff's amended complaint fails to state a claim upon which relief can be granted.

## STANDARD GOVERNING A MOTION TO DISMISS

The court will dismiss a cause of action for failure to state a claim only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his [or her] claims which would entitle him [or her] to relief," *Poole v. County of Otero*, 271 F.3d 955, 957 (10th Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001), *cert. denied*, 537 U.S. 823 (2002). The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## DISCUSSION AND ANALYSIS

The FHA makes it unlawful "to coerce, intimidate, threaten, or interfere with any other person . . . on account of his having aided or encouraged any other person in the exercise or enjoyment of any right granted" by the Fair Housing Act. 42 U.S.C. § 3617. In order to state

3

a claim under § 3617, a plaintiff must allege that: "(1) plaintiff is a member of a protected class under the Fair Housing Act; (2) plaintiff exercised or enjoyed a right protected by Sections 3603 through 3606, or aided or encouraged others in exercising or enjoying such rights; (3) intentional discrimination at least partially motivated defendants' conduct; and (4) defendants' conduct constituted coercion, intimidation, threat, or interference on account of having exercised, or aided or encouraged others in exercising, a right protected under Sections 3603 through 3606." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1233 (D. Kan. 2001).

Defendants argue that plaintiff's FHA § 3617 claim should be dismissed, first, because plaintiff has failed to allege intentionally discriminatory conduct or a pattern of invidiously motivated harassment. These arguments essentially go to the third element of a § 3617 claim, which is that the plaintiff must allege the defendants' conduct was at least partially motivated by intentional discrimination. Plaintiff's amended complaint alleges that she is a member of a protected class (an African American); that defendants engaged in a pattern of intimidation and harassment; that they discriminated and retaliated against her after she filed a complaint with the Department of Housing and Urban Development; and that their actions were willful and wanton. Taken together, these allegations are sufficient (albeit barely) to survive a motion to dismiss because they place defendants on notice that plaintiff is alleging that requisite intentional discrimination. Viewing these allegations in plaintiff's favor, as the court must at this procedural juncture, the court cannot say that it appears beyond a doubt that plaintiff cannot prove any set of facts which would entitle her to relief on this basis.

Defendants' second argument is that plaintiff has failed to allege that she suffered tangible damage that is causally linked to the discriminatory act. The court has not located any case law that would support the proposition that a plaintiff must make such an allegation in order to survive a motion to dismiss a § 3617 claim. The few cases that defendants briefly cite in support of this argument certainly do not support such a proposition. Thus, the court finds this argument to be without merit.

Lastly, defendants argue that plaintiff's claim is based solely on the defendant's enforcement of community bylaws. This argument is without merit because it is based on facts other than those alleged in plaintiff's complaint. It is well established that "[w]hen ruling on a Rule 12(b)(6) motion, the district court must examine only the plaintiff's complaint" and "cannot review matters outside of the complaint." *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). Plaintiff's amended complaint does not allege that defendants were enforcing community bylaws when they engaged in the allegedly intimidating and harassing conduct. Although this may ultimately prove to be factually correct, it is simply misplaced in a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion to dismiss by defendants Metcalf 56 and Ms. Baker (doc. 30) is denied.

**IT IS SO ORDERED** this 5th day of April, 2005.

s/ John W. Lungstrum<br>
John W. Lungstrum<br>
United States District Judge

6