IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TREMICA L. KING,

    Plaintiff,

    v.                                    Case No. 04-2192-JWL

METCALF 56 HOMES ASSOCIATION,
INC., et al.,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff Tremica L. King brings this lawsuit against defendant Metcalf 56 Homeowners Association, Inc. (Metcalf 56) and her former neighbors Linda Baker and Richard Kinney[1] based on their alleged harassment of her while she was renting a duplex in Mission, Kansas. Plaintiff's amended complaint asserts a claim under the Fair Housing Act of 1968 (FHA) and a common law claim for invasion of privacy for intrusion upon seclusion. The matter is presently before the court on defendants' Motion for Summary Judgment (Doc. 60). For the reasons explained below, the court will grant this motion with respect to plaintiff's invasion of privacy claim but will deny the motion with respect to plaintiff's FHA claim.

## STATEMENT OF MATERIAL FACTS

As a threshold matter, the court wishes to explain that its analysis of defendants' motion

---

[1] Mr. Kinney has not appeared in this action and default judgment has been entered against him. The court will use the term "defendants" throughout this Memorandum and Order to refer collectively to the moving defendants, Metcalf 56 and Ms. Baker, but not Mr. Kinney.

for summary judgment is hindered by the minimal factual record before the court. By way of background, defendants originally filed a document on May 27, 2005, entitled "Motion to Dismiss" (Doc. 56) in which they sought "summary judgment . . . in accordance with Fed. R. Civ. P. 56(c)" on plaintiff's claims against them. On June 17, 2005, the court denied the motion on the grounds that defendants were clearly seeking summary judgment yet they failed to comply with the procedural requirements of Rule 56 of the Federal Rules of Civil Procedure and District of Kansas Local Rule 56.1. The court denied the motion without prejudice to being refiled in compliance with these procedural requirements. On June 23, 2005, defendants refiled the current motion for summary judgment. Despite the court's prior order, defendants again failed to comply with the cited procedural requirements. Specifically, they failed to present their statements of material fact by way of numbered paragraphs as required by D. Kan. Rule 56.1(a). More importantly, some of their factual allegations are unsupported by any citation to the record. And, although they have cited depositions purportedly in support of other factual allegations, they did not file the cited deposition testimony and therefore that deposition testimony is not a part of the record in the case. *See* Fed. R. Civ. P. 56(c) (summary judgment shall be granted if the pleadings, depositions, etc. "on file" show that the moving party is entitled to judgment as a matter of law); D. Kan. Rule 56.1(d) (requiring facts upon which the motion is based to be presented by affidavit and/or relevant portions of pleadings, depositions, etc.). Because all of defendants' factual allegations are unsupported by the record, then, the court will not consider them except to the extent that plaintiff has admitted them. Defendants' reply brief suffers from the same flaw and,

2

consequently, the court also will not consider the unsupported factual allegations in defendants' reply. Accordingly, at this procedural juncture the court will deem the factual record to consist only of the stipulated facts in the pretrial order, defendants' statements of fact which were admitted by plaintiff, and plaintiff's statements of fact which were not properly controverted by defendants. Given the sparse factual record, then, the court recognizes that the following recitation of the facts is somewhat scanty. But it consists of the factual record which is properly before the court at this procedural juncture.[2]

Plaintiff is African American. On or about August 12, 2003, she entered into a one-year lease for a duplex in Mission, Kansas, with the landlord and owner, Phil Puthoff. Defendant Baker was plaintiff's neighbor. Plaintiff's guests parked in front of Ms. Baker's residence. Ms. Baker took photographs of plaintiff's visitors and family members. She also recorded license plate numbers and took photos of vehicles in plaintiff's driveway. Ms. Baker testified in her deposition that she felt frightened by and suspicious of plaintiff and/or her guests. She believed they were criminals and feared they were going to slit her throat.

Plaintiff's rent was fully subsidized by Johnson County Housing Authority (JCHA) through the Section 8 Housing program. Ms. Baker is a self-professed political activist, and

---

[2] Some of plaintiff's factual allegations also are not properly supported by the record because they are based on hearsay, and even multiple levels of hearsay. Defendants did not, however, object to the court's consideration of these factual allegations. Because hearsay objections are subject to waiver if not raised, the court will deem defendants to have waived those objections for purposes of the court's determination of whether summary judgment is warranted. The parties are forewarned that the fact that the court is considering this evidence in resolving defendants' motion for summary judgment is by no means an indicator of its admissibility at trial over a timely objection.

she contacted the JCHA to report that she believed plaintiff was violating her Section 8 contract. Ms. Baker testified in her deposition that she was concerned that the presence of a Section 8 community house could potentially have a negative affect on her property's value. Ms. Baker documented her complaint to the JCHA with photographs and diary entries. The JCHA investigated Ms. Baker's complaint. Plaintiff testified in her deposition that at one time during the course of that investigation, the JCHA investigator, Mr. Jerome Franks, told plaintiff that Ms. Baker had left a message for Mr. Franks asking him if he was aware that plaintiff was black. Ultimately, the JCHA offered to pay for plaintiff's moving expenses if plaintiff wished to relocate, but plaintiff chose not to do so at that time.

Ms. Baker also complained about plaintiff to Mr. Puthoff. Plaintiff testified in her deposition that, "[t]he way [she] got it from Phil" (i.e., Mr. Puthoff) was that Ms. Baker in talking to Mr. Puthoff had "used words to the effect that because she had someone that was black living . . . next to her, that drove down her property value."

At one point, plaintiff filed a police report with the Overland Park Police Department because Ms. Baker was taking pictures and plaintiff wanted her to stop.

Ms. Baker and plaintiff spoke on only one occasion. A nearby neighbor had complained to plaintiff about her children playing in his yard, and plaintiff had asked Ms. Baker about yard boundaries.

Defendant Metcalf 56 is the homeowners' association for the neighborhood. At the time of these occurrences, Ms. Baker was a member of the homeowners' association. She testified in her deposition that she met with the board of the association one time regarding

plaintiff, but "[t]he board didn't act, they didn't do anything about it. They couldn't." Plaintiff testified in her deposition that Metcalf 56 did not at any time contact her.

At the time of these occurrences, defendant Kinney was the president of the homeowners' association. He also lived on the other side of plaintiff's duplex. Ms. Baker testified in her deposition that Mr. Puthoff told her that Mr. Kinney had complained about plaintiff to Mr. Puthoff. Plaintiff testified in her deposition that Mr. Puthoff told her that Mr. Kinney had told Mr. Puthoff that plaintiff was some kind of freak. Plaintiff also testified that the people at JCHA received e-mails from Mr. Kinney complaining about plaintiff, and those e-mails were duplicates of the ones that the JCHA was receiving from Ms. Baker.

Plaintiff remained a tenant at the duplex until March 15, 2004.

Based on this factual background, plaintiff asserts two claims against defendants. One is a claim under the Fair Housing Act, specifically 42 U.S.C. § 3617. With respect to this claim, defendants contend they are entitled to summary judgment because (1) their conduct was not motivated by plaintiff's race, (2) they did not coerce, intimidate, threaten, and/or interfere with plaintiff's exercise and enjoyment of her home, and (3) plaintiff has not established that Metcalf 56 participated in or ratified Ms. Baker's or Mr. Kinney's conduct. Plaintiff's second claim is a state common law invasion of privacy claim for intrusion upon seclusion. Defendants contend that the evidence fails to demonstrate a genuine issue of material fact to support this legal theory.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Wright ex rel. Trust Co. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler*, 144 F.3d at 670 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Spaulding*, 279 F.3d at 904 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000) (citing *Adler*, 144 F.3d at 671).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Spaulding*, 279

F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 324. The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Anderson*, 477 U.S. at 256; *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001). Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Mitchell v. City of Moore*, 218 F.3d 1190, 1197-98 (10th Cir. 2000) (quoting *Adler*, 144 F.3d at 671). To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Adams,* 233 F.3d at 1246.

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut"; rather, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

## ANALYSIS

For the reasons explained below, the court concludes that plaintiff has raised a genuine issue of material fact with respect to whether Ms. Baker interfered with plaintiff's use and enjoyment of her home and whether Ms. Baker's conduct was racially motivated. The court also finds that plaintiff has raised a genuine issue of material fact regarding whether Mr. Kinney was acting on behalf of the homeowners' association. Plaintiff has failed, however, to raise a genuine issue of material fact regarding whether defendants intruded into plaintiff's

7

solitude, and therefore the court will grant summary judgment on plaintiff's invasion of privacy claim.

## II.     Fair Housing Act Claim

The FHA's stated purpose is "to provide, within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601. Plaintiff asserts a claim under the provision of the FHA which makes it unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed" his or her rights under the FHA. 42 U.S.C. § 3617. The elements of a § 3617 claim are that "(1) plaintiff is a member of a protected class under the Fair Housing Act; (2) plaintiff exercised or enjoyed a right protected by Sections 3603 through 3606, or aided or encouraged others in exercising or enjoying such rights; (3) intentional discrimination at least partially motivated defendants' conduct; and (4) defendants' conduct constituted coercion, intimidation, threat, or interference on account of having exercised, or aided or encouraged others in exercising, a right protected under Sections 3603 through 3606." *Zhu v. Countrywide Realty Co.*, 160 F. Supp. 2d 1210, 1233 (D. Kan. 2001). In this case, defendants seek summary judgment based on plaintiff's alleged failure to raise a genuine issue of material fact with respect to the third and fourth of these elements – that is, discriminatory motive and actionable conduct.

### A.     Discriminatory Motive

The evidence that plaintiff has presented purportedly in support of her claim that Ms. Baker's actions were motivated by plaintiff's race consists of the fact that plaintiff is African

American, Ms. Baker testified in her deposition that she felt frightened by and suspicious of plaintiff and her guests because Ms. Baker believed they were criminals and feared they were going to slit her throat, and Ms. Baker served as the impetus for an investigation by the JCHA into the propriety of plaintiff's Section 8 housing benefits. If this were all of plaintiff's evidence on this particular issue, the court would be inclined to grant summary judgment for defendants because a rational trier of fact could not infer that Ms. Baker's actions were motivated by plaintiff's race. But this evidence, coupled with the evidence from Ms. King's deposition, would allow a rational trier of fact to conclude that Ms. Baker's actions were motivated by plaintiff's race. Ms. King testified in her deposition that she was told by the JCHA investigator that Ms. Baker had left a message for the investigator asking him if he was aware that plaintiff was black. She also testified in her deposition that Mr. Puthoff told her that Ms. Baker had told Mr. Puthoff that Ms. Baker felt like having a black living next to her would drive down her property values. This evidence, in conjunction with the evidence concerning Ms. Baker's fears about her safety and the fact that she reported plaintiff to the local Section 8 housing authorities, is certainly adequate to raise a genuine issue of material fact regarding whether Ms. Baker's actions were motivated by plaintiff's race.

### B. Actionable Conduct

Defendants' argument that Ms. Baker's conduct toward plaintiff did not constitute actionable "coercion, intimidation, threat, or interference" within the meaning of § 3617 is without merit. Defendants' theory in this regard is that more egregious conduct is required such as firebombing, cross burning, physical assault, attempted arson. Certainly, many of the

cases involving § 3617 claims involve more egregious facts such as those listed by defendants, and those cases fall more obviously within the coercion, intimidation, and threat language of § 3617. *See, e.g.*, *Whisby-Myers v. Kiekenapp*, 293 F. Supp. 845, 851-52 (N.D. Ill. 2003) (detonation of explosive device; citing other cases involving facts such as those listed by defendants). But the Seventh Circuit has reversed a district court decision relying on the logic advanced by defendants here. *See Halprin v. Prairie Single Family Homes of Dearborn Park Ass'n*, 388 F.3d 327 (7th Cir. 2004). In doing so, the Seventh Circuit reasoned that such "ominous, frightening, or hurtful" conduct is not required because "[t]here are other, less violent but still effective, methods by which a person can be driven from his home and thus 'interfered' with in his enjoyment of it." *Id.* at 330. The Sixth and Ninth Circuits have also rejected such a narrow interpretation of the "interference" prong of § 3617. *See Walker v. City of Lakewood*, 272 F.3d 1114, 1129 (9th Cir. 2001) (reasoning that § 3617 broadly prohibits any "interference" with a person's exercise of his or her rights under the federal fair housing laws; fact that the city supervised an organization more closely, sent city officials to the organization's monthly meetings, asked the organization to curtail its exposure of discrimination complaints, contacted other cities to complain about the organization, and filed suit against the organization was evidence of interference under § 3617); *Michigan Protective & Advocacy Serv. v. Babin*, 18 F.3d 337, 347 (6th Cir. 1994) ("Section 3617 is not limited to those who used some sort of potent force or duress, but extends to other actors who are in a position directly to disrupt the exercise or enjoyment of a protected right and exercise their powers with a discriminatory animus."); *see also Walton v. Claybridge Homeowners Ass'n,*

*Inc.*, No. 1:03-CV-69-LJM-WTL, 2004 WL 192106, at *6-*7 (S.D. Ind. Jan. 22, 2004) (explaining that "interference" reaches a broader range of conduct than "coerce," "intimidate" and "threaten").

The Secretary of Housing and Urban Development (HUD) has promulgated regulations pursuant to its authority to administer and enforce the FHA. Specifically, 24 C.F.R. § 100.400 contains HUD's interpretation of the conduct that it considers to be unlawful under § 3617. The Seventh and Eleventh Circuits have relied on this regulation in evaluating whether particular activity constitutes actionable conduct under § 3617. *See Halprin*, 388 F.3d at 330 (relying on 24 C.F.R. § 100.400(c)(2) in construing the scope of § 3617); *Gonzalez v. Lee County Hous. Auth.*, 161 F.3d 1290, 1303-05 & nn.41-43 (11th Cir. 1998) (relying on 24 C.F.R. § 100.400(c)(3) *sua sponte*, holding it constitutes binding authority regarding the scope of § 3617, and noting it is "patently valid" under *Chevron* principles). There is no reason to believe that the Tenth Circuit would not follow the Seventh and Eleventh Circuits on this issue, and therefore the court turns to this regulation in evaluating whether Ms. Baker's alleged conduct constitutes actionable harassment under § 3617.

One of the subsections of this regulation prohibits "threatening, intimidating or interfering with persons in their enjoyment of a dwelling." § 100.400(c)(2). In this case, Ms. Baker kept a diary, wrote down license plate numbers, and took photographs of plaintiff and her guests. She reported plaintiff to the JCHA in an effort to get her Section 8 funding cut off and also complained about her to Mr. Puthoff. And because plaintiff did not suffer adverse consequences from either of those complaints it can be inferred that Ms. Baker's complaints

11

were unfounded. The severity and pervasiveness of Ms. Baker's conduct is unclear from the record currently before the court. Drawing all reasonable inferences from the facts in plaintiff's favor as the court must at this procedural juncture, it can be said that Ms. Baker engaged in a severe and pervasive pattern of harassing plaintiff that was designed to interfere with plaintiff's enjoyment of her dwelling. *See Halprin*, 388 F.3d at 330-31 (pattern of invidiously motivated harassment consisting of neighbors ganging up on the plaintiffs was actionable where it was not an isolated act of harassment; relying on 24 C.F.R. § 100.400(c)(2)). Accordingly, plaintiff has raised a genuine issue of material fact to withstand summary judgment on this issue. More egregious conduct, as suggested by defendants, is not required.

### C.  Defendant Metcalf 56

Defendants' sole argument that the court should dismiss plaintiff's FHA claim against defendant Metcalf 56, the homeowners' association, is that plaintiff testified in her deposition that at no time did defendant Metcalf 56 contact her. In support of this argument, defendants cite *Walton v. Claybridge Homeowners Association, Inc.*, No. 1:03-CV-69-LJM-WTL, 2004 WL 192106, at *4-*8 (S.D. Ind. Jan. 22, 2004). The court has reviewed this case and concludes that it does not support the argument advanced by defendant – that is, that a § 3617 claim against a homeowners' association depends upon the degree of <u>contact</u> between the arguably aggrieved resident and the association. Rather, in *Walton* the district court focused on the frequency and severity of the harassing conduct, *id.* at *7-*8, not upon the level of contact between the plaintiff and the homeowners' association, as argued by defendants. Thus,

because the court finds defendants' argument on this issue to be without merit purely as a legal proposition, defendants motion for summary judgment on this basis is denied.[3]

## II.     Claim for Invasion of Privacy for Intrusion Upon Seclusion

"Generally, invasion of privacy is actionable where there is: (1) unreasonable intrusion upon the seclusion of another; (2) appropriation of another's name or likeness; (3) unreasonable publicity given to another's private life; or (4) publicity that unreasonably places another in a false light before the public." *Finlay v. Finlay*, 18 Kan. App. 2d 479, 485-86, 856 P.2d 182, 189 (1993) (citing Restatement (Second) of Torts § 652A (1976)).  As to invasion of privacy claims for intrusion upon seclusion, a defendant is liable if he or she intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another and the intrusion would be highly offensive to a reasonable person. *Moore v. R.Z. Sims Chevrolet-Subaru, Inc.*, 241 Kan. 542, 547, 738 P.2d 852, 856 (1987) (quoting Restatement § 652B).  To recover under this particular invasion of privacy theory, a plaintiff must establish the existence of two conditions: "First, something in the nature of an intentional interference in the solitude or seclusion of a person's physical being, or prying into his [or her] private affairs or concerns, and second, that the intrusion would be highly offensive to a reasonable person." *Id.* at 547, 738 P.2d at 857.

---

[3] The court's holding rests purely on the legal argument raised by defendants regarding the "lack of contact" between plaintiff and Metcalf 56. The court is not addressing the issue of whether the record reveals a genuine issue of material fact about whether Ms. Baker or Mr. Kinney were acting on behalf of Metcalf 56 because defendants did not raise any such argument.

13

The court must determine whether a reasonable trier of fact could conclude based on the factual record currently before the court that Ms. Baker's and/or Mr. Kinney's actions constituted an intentional intrusion into the solitude or seclusion of plaintiff's physical being or prying into her private affairs or concerns. The court readily concludes that a reasonable factfinder could not. The Kansas Supreme Court has explained that an actionable invasion:

> "[M]ay be by physical intrusion into a place in which the plaintiff has secluded himself, as when the defendant forces his way into the plaintiff's room in a hotel or insists over the plaintiff's objection in entering his home. It may also be by the use of the defendant's senses, with or without mechanical aids, to oversee or overhear the plaintiff's private affairs, as by looking into his upstairs windows with binoculars or tapping his telephone wires. It may be by some other form of investigation or examination into his private concerns, as by opening his private and personal mail, searching his safe or his wallet, examining his private bank account, or compelling him by a forged court order to permit an inspection of his personal documents. . . . "

*Id.* at 547-48, 738 P.2d at 857 (quoting Restatement § 652B cmt. b). Here, the evidence does not suggest that either Ms. Baker or Mr. Kinney intruded into any private place where plaintiff may have been secluded. Rather, the extent to which plaintiff and her guests came and went from her apartment were undoubtedly readily observable to the public eye. Also, the record does not suggest that plaintiff took photographs from a non-public vantage point or used some type of magnifying lens. Thus, there is no evidence from which it can be inferred that either Ms. Baker or Mr. Kinney intruded into plaintiff's privacy. *See* Restatement § 652B cmt. c ("Nor is there liability for observing him or even taking his photograph while he is walking on the public highway, since he is not then in seclusion, and his appearance is public and open to the public eye.").

Plaintiff nonetheless argues that the court has already determined that defendants' actions reasonably could be found to be an intrusion upon plaintiff's right to seclusion. *See King v. Metcalf 56 Homes Ass'n*, No. 04-2192-JWL, 2004 WL 2538379, at *5 (D. Kan. Nov. 8, 2004) ("The court can envision circumstances under which taking such photographs and/or eavesdropping on telephone conversations[4] may be viewed as an unreasonable invasion of defendants' senses into plaintiff's solitude."). But the court reached this conclusion in the context of resolving a motion to dismiss. The court's reasoning rested on the legal standard for granting a motion to dismiss because the court explained that it could not "say beyond a doubt that plaintiff cannot prove *any set of facts* which would entitle her to relief." *Id.* at *5 (emphasis added). On a motion for summary judgment, the legal standard is of course different. Once the moving party meets its initial burden of demonstrating an absence of a genuine issue of material fact, as defendants have done here, that burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. Plaintiff has failed to set forth facts sufficient to meet that burden. Accordingly, defendants' motion for summary judgment is granted with respect to this claim.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion for Summary Judgment (Doc. 60) is granted in part and denied in part as set forth above.

---

[4] Although plaintiff's complaint alleged this, plaintiff has produced no evidence to support this allegation.

15

**IT IS FURTHER ORDERED** that the trial calendar on which this case is set will begin **October 11, 2005**.

**IT IS SO ORDERED** this 31st day of August, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
